UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2011 APR -6 PM 3: 28

GORDANA SEKULOVSKI, )
)
Plaintiff, )
)
v. ) CASE NO. 1:11CV117 JTM
)
RES-CARE HEALTH SERVICES )
OF INDIANA, INC., )
)
Defendant. )

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against Defendant that:

1. The Plaintiff is Gordana Sekulovski, a resident of Fort Wayne Indiana and employee of Defendant's at all material times to this Complaint. Plaintiff is of Serbian national origin.

2. The Defendant is Res-Care Health Services of Indiana, Inc., d/b/a Res-Care, a company doing business at 4410 Executive Boulevard, Fort Wayne, Indiana 46808. Defendant is an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 2000(e) *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 *et seq.* ("ADA") and the Indiana Worker's Compensation Act.

3. Plaintiff filed an EEOC Charge of Discrimination, No. 470-2010-01790, on or about March 23, 2010, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights on or about January 12, 2011, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted and jurisdictional prerequisites have

been met for the filing of this suit.

4. Plaintiff was hired by Defendant on or about June 2, 2008 and was a "consumer associate" who worked in a resident setting with physically and mentally disabled adults at the time of her separation from employment. On or around September 8, 2008, Plaintiff suffered a work related injury to her back and knee for which she was entitled to received worker's compensation benefits. Furthermore, the injuries constituted a serious medical condition which qualified as a disability/perceived disability/record of impairment.

5. Following Plaintiff's work related injury, she required medical testing, treatment and medication for pain management, and in fact did receive worker's compensation benefits. In spite of the injury and being on worker's compensation for approximately nine (9) months, Plaintiff was able to continue working and performed within the reasonable expectations of her employer. Eventually Plaintiff was informed that she had a high percent permanent body impairment from her injuries and was placed on permanent work restrictions that prohibited her from lifting more than twenty-five (25) pounds at a time.

6. On or about June 7, 2009 Defendant terminated Plaintiff on the grounds that she supposedly had to lift at least fifty (50) pounds to perform her duties, even though in the past Defendant had made accommodations for others with lifting restrictions. Defendant informed Plaintiff that they had "just changed their accommodation policy two days prior".

7. Plaintiff contends that the proffered reason for termination was false and pretextual,

and that in reality she was terminated because of her disability/perceived disability/ record of impairment and/or because of her national origin. Plaintiff contends that the Defendant failed to engage in the interactive process with her and denied her reasonable accommodations given to other employees with her same job title. In support thereof, Plaintiff states as follows:

    a.    She performed within the reasonable expectations of the employer during her employment and had been doing so at the time of her termination;

    b.    She could have performed her duties even with permanent restrictions had she been permitted the requested reasonable accommodations;

    c.    There was suspicious timing between the announcement of Plaintiff's permanent work restrictions and her termination, and the date the Defendant supposedly changed its' accommodation policy and her termination; and

    d.    Had Defendant permitted Plaintiff the reasonable accommodation of working with higher functioning clients, she would not have been required weights beyond what was prohibited by her restrictions.

8.    In the alternative, Plaintiff contends that she was discriminated against and terminated on the basis of her national origin, in violation of her rights under Title VII. In support thereof, Plaintiff states the following:

    a.    She performed within the reasonable expectations of the employer during her employment and had been doing so at the time of her

        termination;

    b. One or more similarly situated non-Serbian employees who had work restrictions, including those of the permanent type, were retained by Defendant instead of being terminated like Plaintiff; and

    c. One or more similarly situated non-Serbian employees were granted requested work accommodations following the receipt of permanent work restrictions.

9. Plaintiff also contends that in the alternative, she was discriminated against, retaliated against and terminated for suffering a work related injury and asserting her rights to worker's compensation benefits. In support thereof, Plaintiff states as follows:

    a. She performed within the reasonable expectations of the employer during her employment and had been doing so at the time of her termination;

    b. Similarly situated employees that suffered non-work related injuries or non-work related serious health conditions were retained by Defendant instead of being terminated like Plaintiff; and

    c. Similarly situated employees that had non-work related injuries or serious medical conditions were granted requested accommodations when placed on permanent work restrictions.

10. The discriminatory and/or retaliatory conduct of the Defendant was the direct and proximate cause of Plaintiff suffering the loss of her job and job related benefits including income and subjected Plaintiff to inconvenience, mental anguish,

emotional distress and other damages and injuries.

11. Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton and in reckless disregard of Plaintiff's federally protected rights under the ADA, Title VII and/or the Indiana Worker's Compensation Act. Punitive damages are therefore appropriate.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

Christopher C. Myers, #10043-02

Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail:cmyers@myers-law.com
ismith@myers-law.com
Counsel for Plaintiff

IMS/js
S:\Sekulovski, Gordana\Pleadings\Complaint.wpd

5

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2010-01790 |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Mrs. Gordana Sekulovski | (260) 444-3624 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 9505 Woodstream Drive | Fort Wayne, Indiana 46804 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Res-Care, Inc., a/k/a ResCare | 50+ | (260) 490-3230 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 4410 Executive Blvd. | Fort Wayne, Indiana 46808 | Allen |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| Res-Care, Inc. home office | (502) 394-2100 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 9901 Linn Station Road | Louisville, KY 40223 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☒ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 6/2/09   LATEST: 6/2/09
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant Gordana Sekulovski is a qualified individual with a disability/perceived disability/record of impairment. The Complainant was born in Serbia (formerly Yugoslavia). Complainant alleges that she was discriminated against and retaliated against by the Respondent due to her disability/perceived disability/record of impairment, and failed to grant her reasonable accommodations, in violation of her rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"). In the alternative, the Complainant alleges that she was discriminated against on the basis of her national origin, in violation of her rights under Title VII of the Civil Rights Act of 1964, 2000(e) et seq. ("Title VII"). Also, Complainant alleges that she was discriminated against and terminated in retaliation for suffering a work-related injury and asserting her rights to worker's compensation benefits.

II. The Respondent is ResCare, Inc., a/k/a Res-Care, a company doing business at 4410 Executive Blvd., Fort Wayne, IN 46808. The Respondent is an "employer" for the purposes of the ADA, and Title VII. (The Respondent is also an "employer" for the purposes of the Indiana Worker's Compensation Act.)

"continued"

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
Susan C. Neff
Resident of Adams County   My Commission Expires: 4/7/2016

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 3/23/10   Charging Party (Signature): Gordana Sekulovski

SIGNATURE OF COMPLAINANT: Gordana Sekulovski

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE th, and year) 23rd of March, 2010

Exhibit A

EEOC FORM 5 (Rev. 3/01)

Charge of Discrimination

Re: Mrs. Gordana Sekulovski

Page 2

III. The Complainant was hired by the Respondent on or about June 2, 2008. On or around September 8, 2008, she suffered a work-related injury to her back and knee, when she fell while giving a bath to a resident of the facility she worked at. Complainant was a "consumer associate", who worked in a residential setting with physically and mentally disabled adults.

IV. Following the Complainant's injury, she required medical testing, treatment, and medication for pain management, and received worker's compensation benefits. In spite of the injury, and being on worker's compensation for approximately nine (9) months, the Complainant continued to work and perform within the reasonable expectations of the employer.

V. Eventually, the Complainant was informed that she had a high percent permanent body impairment from her injuries, and was placed on a permanent restriction from lifting more than 25 lbs.

VI. On or about June 2, 2009, the Respondent informed the Complainant that she was terminated. The proffered reason for termination was that the Complainant supposedly needed to be able to lift at least 50 lbs. When Complainant asked why Respondent had made accommodations for others in the past, Respondent informed Complainant that they had just changed their accommodation policy 2 days prior.

VII. Complainant contends that the proffered reason for termination was false and pretextual, and that in reality, she was terminated because of her disability/perceived disability/record of impairment, and/or because of her national origin. In the alternative, Complainant contends that she was terminated because she suffered a work-related injury and asserted her rights to worker's compensation benefits. Complainant also notes that she was terminated two (2) days after the physician placed her on her permanent work restrictions, that prior to being placed on the permanent work restrictions, Complainant had never been required to lift up to 50 lbs of weight, and that the Respondent's change in policy, as well as the Complainant's termination, occurred suspiciously close in time to the announcement of the Complainant's permanent work restrictions. Complainant also notes that the Respondent further alleges that if she were permitted to continue working with higher functioning residents, she would not have needed to lift more than 25 lbs at a time, but the Respondent was unwilling to permit her this reasonable accommodation once her permanent weight restriction was announced.

VIII. Complainant also contends that similarly-situated non-Serbian employees were treated more favorably by the Respondent than the Complainant was as to the terms, conditions, and/or benefits of employment. Complainant alleges that similarly-situated non-Serbian employees were not terminated after suffering work-related injuries and asserting their rights to worker's compensation benefits; similarly-situated non-Serbian employees furthermore were granted reasonable accommodations when given weight restrictions, and were retained by the Respondent in one or more instances in spite of being unable to lift up to 50 lbs.

IX. The Respondent's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job-related benefits including income, and subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries.

*GS*
Initials

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Gordana Sekulovski
9505 Woodstream Drive
Fort Wayne, IN 46804

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-01790 | Alvin E. Hines, Enforcement Supervisor | (317) 226-5082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
Acting District Director

JAN 1 2 2011
(Date Mailed)

Enclosures(s)

cc: Deena G. Ombres, Esq., Associate General Counsel
RES-CARE, INC.
9901 Linn Station Road
Louisville, KY 40223-3808

Christopher C. Myers, Esq.
Christopher C. Myers & Associate
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Exhibit B